```
            IN THE UNITED STATES BANKRUPTCY COURT FOR
                    THE DISTRICT OF PUERTO RICO


 IN RE:

 MIGUEL ANGEL RIVERA ALMODOVAR          CASE NO. 09-07002 BKT

 MARILEN DE LOS ANGELES MARTINEZ
 GARCIA

         Debtors                        Chapter 13


 MIGUEL ANGEL RIVERA ALMODOVAR          ADVERSARY NO. 09-0251


         Plaintiff



              v.

 P.V. COLLECTION SERVICES INC.          FILED & ENTERED ON 02/03/2011



         Defendant
```

## **OPINION AND ORDER**

This proceeding is before the Court upon the Plaintiff's motion for partial summary judgment [Dkt. No. 25], the Defendant's opposition to the Plaintiff's motion for partial summary judgment [Dkt. No. 28], the Defendant's motion for summary judgment [Dkt. No. 29], the Plaintiff's opposition to the Defendant's motion for summary judgment [Dkt. No. 30], and the Defendant's reply to the Plaintiff's opposition to the Defendant's motion for summary judgment [Dkt. No. 31]. For the reasons set forth below, the Plaintiff's motion for partial summary judgment is GRANTED.

I. SUMMARY JUDGMENT STANDARD:

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule

of Bankruptcy Procedure 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). ).  A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5.  Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4.  The Court must view the evidence in a light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos at 388.

## II. FACTUAL BACKGROUND:

The Plaintiff Debtor filed the present adversary proceeding alleging that the Defendant collection agency violated the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692, *et seq*. There is no dispute that Plaintiff is a consumer debtor and that Defendant is a debt collector. Hence the provisions of this law apply to the facts before us. Specifically, the Plaintiff alleges that the Defendant's collection letter (1) insisted that the Plaintiff contact the Defendant collection agency within five (5) days of receipt of the letter; (2) failed to contain a statement

indicating that, if the Plaintiff did not dispute the validity of the debt, or any portion thereof, within thirty (30) days of receipt of the letter, the debt will be assumed to be valid by the debt collector; (3) failed to contain a statement that, upon the Plaintiff's written request within the thirty-day period, the debt collector will provide the Plaintiff with the name and address of the original creditor; and (4) failed to advise the Plaintiff that he had the option of disputing the debt orally. The Defendant's own translation of the collection letter in question confirms the veracity of each allegation outlined above [Dkt. No. 29], thus there are no material facts in dispute and summary judgment is appropriate. The matter is submitted.

### III. LEGAL ANALYSIS AND DISCUSSION:

In evaluating whether communications or conduct violates the FDCPA, courts utilize the so-called "least sophisticated debtor" standard. Taylor v. Perrin, Landry, de Launay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997); Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir.1993); Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1028-29 (6th Cir.1992); see also Gammon v. GC Services L.P., 27 F.3d 1254 (7th Cir.1994) ("unsophisticated consumer" standard). The phrase least sophisticated (or unsophisticated) debtor/consumer is used "to describe the hypothetical consumer whose reasonable perceptions will be used to determine if collection messages are deceptive or misleading," while at the same time the reasonableness element "shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." Gammon at 1257. The Seventh Circuit has stated that "[a]nyway it's viewed, the standard is low." Avila v. Rubin, 84 F.3d 222, 226 (7th Cir.1996).

Defendant's violation of the FDCPA must be evaluated from the standpoint of the least sophisticated consumer, with a strict liability analysis.

The FDCPA requires:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's *written request* within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. (Emphasis added).

15 U.S.C. § 1692g(a). Reading the collection letter sent to Plaintiff, submitted as part of Defendant's Motion for Summary Judgment [Dkt. No. 29], from the perspective of the least sophisticated consumer, the statement "it is extremely important that you contact our office within the next five (5) days" suggests that, if the reader does not contact the collection agency within five days, there may be adverse consequences. This language fails to convey the reasons for, or consequences of, this demand, and is exactly what Congress intended to prevent when it enacted the FDCPA. The FDCPA requires that collection letters indicate that consumers have thirty days after receipt of the letter to dispute the debt stated therein, and collection notices suggesting a shorter time period may confuse unsophisticated consumers into misunderstanding their statutory rights. Similarly, because the letter does not include a statement indicating that the collection agency may assume the debt to be valid

unless disputed within thirty days, it also fails to notify the consumer of the collection agency's right to change its treatment of the debt based upon whether or not a consumer responds to a collection request. Furthermore, the letter's failure to contain a statement that, upon the Plaintiff's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, is also a clear violation of the statute.

The final question to be resolved, whether the letter failed to advise the Plaintiff that he had a statutory right to dispute the debt orally, has produced a split between two Courts of Appeals. Both Courts agreed this is a question of statutory construction; whether section 1692g(a)(3) of the FDCPA requires the consumer to dispute the validity of a debt in writing, even though from its face such a requirement is not imposed. The Third Circuit has held that the rights enumerated by 15 U.S.C. § 1692g(a)(3) may only be invoked in writing because a literal reading of the statute would result in an incoherent debt collection scheme. Graziano v. Harrison, 950 F.2d 107, 112 (3rd Cir. 1991). Contrarily, the Ninth Circuit maintains that consumers may dispute debts either in writing *or* orally, as indicated by the omission of a writing requirement from 15 U.S.C. § 1692g(a)(3). Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078, 1081 (9th Cir. 2005). This Court agrees that the absence of a writing requirement in 15 U.S.C. § 1692g(a)(3), and the presence of a writing requirement in the two subsequent subsections, indicates that Congress intended to give consumers the right to dispute debts orally. Such a scheme seems not only coherent, but progressive, and perhaps intended to benefit undereducated or handicapped consumers who are unable to communicate in writing. For these reasons, and the other reasons enunciated by the court in Camacho, this Court concurs with the Ninth Circuit and holds that debtors can trigger the rights under 15 U.S.C. § 1692g(a)(3) either orally

or in writing. Accordingly, the collection letter sent by the Defendant to the Plaintiff misstated the rights available to him under 15 U.S.C. § 1692g(a)(3).

**WHEREFORE, IT IS ORDERED** that the Plaintiff's motion for partial summary judgment shall be, and hereby is, GRANTED. The Clerk's Office will schedule a status conference forthwith to consider the procedures for resolving the awarding of damages and attorney's fees. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 3rd day of February, 2011.

**Brian K. Tester**
**U.S. Bankruptcy Judge**