IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

MIGUEL ANGEL RIVERA ALMODOVAR        CASE NO. 09-07002 BKT
MARILEN DE LOS ANGELES MARTINEZ      CHAPTER 13
GARCIA

            Debtor(s)                ADVERSARY NO.  09-00251
MIGUEL ANGEL RIVERA ALMODOVAR

            Plaintiff

P & V COLLECTION SERVICES, INC.,     FILED & ENTERED ON 03/24/2011
JOHN DOE, RICHARD ROE, A
CORPORATION, B CORPORATION, C
CORPORATION, X INSURANCE, Y
INSURANCE, & Z INSURANCE

            Defendant(s)

## OPINION AND ORDER

This proceeding is before the Court upon the issue of damages to be awarded to the Plaintiff under the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692k ("FDCPA").

## I. FACTUAL BACKGROUND

The present adversary proceeding alleges that the Defendant sent the Plaintiff a collection letter in violation of the FDCPA. This Court already found the Defendant liable for violation of the FDCPA, and held an evidentiary hearing to determine the appropriate amount of damages to be awarded to the Plaintiff, which the Court will determine herein.

## II. LEGAL ANALYSIS AND DISCUSSION

The FDCPA awards damages in an amount equal to the sum of (1) actual damages; (2) additional damages, up to $1,000; and (3) the costs of the action, together with a reasonable

1

attorney's fee as determined by the court.  The purpose of the actual damages portion of the FDCPA is to fairly compensate the plaintiff, not to punish or deter the defendant. Courts have interpreted "actual damages" to include damages for emotional distress caused by the debt collector's statutory violation. Maxwell v. Fairbanks Capital Corp. , 281 B.R. 101, 117-18 (Bankr.D.Mass.2002); Hart v. GMAC Mortgage Corp., 246 B.R. 709, 730 (Bankr.D.Mass.2000); McGrady v. Nissan Motor Acceptance Corp., 40 F.Supp.2d 1323, 1338-39 (M.D.Ala.1998); Teng v. Metro. Retail Recovery, Inc., 851 F.Supp. 61, 68-69 (E.D.N.Y.1994); Donahue v. NFS, Inc., 781 F.Supp. 188, 193 (W.D.N.Y.1991); Carrigan v.Central Adjustment Bureau, Inc., 502 F.Supp. 468, 470 (N.D.Ga.1980).

In Sweetland v. Stevens & James, Inc., 563 F.Supp.2d 300 (D.Me.2008), the Court determined that an award of $2,500 was warranted for debt collector's violation of the FDCPA. The defendant in Sweetland used a loud and threatening tone of voice, abusive language, and threatened to send a private investigator to debtor's home to see what assets she had, causing debtor to become distressed.  However, the collector's conduct was limited to two direct phone calls to debtor within a brief period and one later phone message to debtor's attorney.  The debtor fully recovered from any emotional trauma within a couple of months, and incurred no out of pocket expenses or lost time from work.  Similarly, the testimony of the Plaintiff in the present proceeding indicated that he and his family incurred emotional distress as a result of the letter, but he incurred no permanent damages, out of pocket expenses, or lost time from work as a result of the collection letter.  Also, notwithstanding the Debtor's testimony that he feared he and his family would loose their property, even though he already had bankruptcy counsel, he did not file bankruptcy for another 10 weeks. Considering the facts in the Sweetland case, and the Debtor's testimony at the hearing, this Court

2

finds the amount of actual damages incurred to be $1,000.

The FDCPA also allows an award of "additional damages" for an action by an individual up to $1,000. In determining an "additional damages" award under § 1692k(a)(2)(A), the law directs the court to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). While the Defendant in the present proceeding only sent one letter to the Plaintiff, the Defendant admitted that it did not even attempt to draft the letter in compliance with the FDCPA, and that the act of sending the letter was intentional. As a result of the Defendant's violation of the FDCPA, this Court also grants the Plaintiff $1,000 in "additional damages" as allowed by the statute.

The Plaintiff also seeks punitive damages in his complaint. However, the court in Sweetland stated that it is doubtful, in view of the absence of a punitive damages provision in the statute and the presence of an additional statutory award not to exceed $1,000, that punitive damages are available under the FDCPA in any event. Sweetland v. Stevens & James, Inc. 563 F.Supp.2d at 303; Aronson v. Creditrust Corp., 7 F.Supp.2d 589, 594 (W.D.Pa.1998). In Aronson, the Court noted that the damages portion of the statute contains no reference to punitive damages, and the Court determined from this that "[b]ased upon the plain language of the statute, and in the absence of any legislative history to the contrary, [the court finds] that punitive damages are not recoverable under the FDCPA [...]." Id. Accordingly, this Court does not award any punitive damages to the Plaintiff.

An award of attorneys' fees to successful plaintiffs under the FDCPA is obligatory. Dechert v. Cadle Co., 441 F.3d 474, 475 (7th Cir. 2006); Zagorski v. Midwest Billing Serv., Inc., 128 F.3d

3

1164, 1166 (7th Cir. 1997); <u>Emanuel v. Am. Credit Exch.</u>, 870 F.2d 805, 809 (2d Cir. 1989). <u>See also</u>, <u>de Jesús v. Banco Popular de P.R.</u>, 918 F.2d 232, 233-34 (1st Cir. 1990) (concluding that an award of attorney's fees is mandatory under an identical provision contained in the Truth in Lending Act).  Successful plaintiffs are those who have obtained an award of statutory or actual damages.  Since the Court grants the Plaintiff in the present proceeding statutory and actual damages, he is also entitled to reasonable attorney fees under 15 U.S.C. § 1692k(a)(3).

Having found that the Plaintiff incurred actual damages of $1,000 and statutory damages of $1,000, this court grants the Plaintiff a total of $2,000 in damages.  The Plaintiff's attorney is hereby ordered to submit a bill detailing the fees and costs incurred in litigating this action within twenty (20) days.

**SO ORDERED.**

San Juan, Puerto Rico, this 24 day of March, 2011.

Brian K. Tester
U.S. Bankruptcy Judge

4